On rehearing, I now concur with Judge Crawley's dissent; however, I write to add my concerns regarding the following: It appears to me that, considering, Ala. Code 1975, § 5-19-1, et seq., also known as Alabama's Mini-Code, and the Federal Truth-in-Lending Act, codified in § 15 U.S.C.A. 1601, et seq., after fulfilling the duty to inform Bramlett of the total finance charge, there is no statutory obligation on Adamson to further disclose to Bramlett that it was receiving part of the finance costs from FMCC, in the form of a commission or "rate differential."[2] In the absence of a more direct inquiry from Bramlett, there was no fraudulent suppression when Adamson responded to Bramlett that his rate was high due to Bramlett's poor credit history and prior bankruptcy.
The ultimate rate that Bramlett was offered was affected by a variety of factors, including the prime rate, the Federal Reserve Board's rate setting policy and procedure, the interest rates charged by other lenders, Bramlett's poor credit history, etc. It appears to me that there was no more obligation to disclose the existence or terms of the commission arrangement between Adamson and FMCC than to disclose the multiple other factors which also contributed to the final interest rateoffered to Bramlett. It was as unnecessary to provide an explanation of all of those other factors as it was to provide an explanation of the legitimate, customary arrangement between Adamson and FMCC concerning the rate differential which the Mini-Code and federal law do not require to be disclosed. Adamson disclosed the total interest and finance charges, and Bramlett accepted the loan. Moreover, Bramlett's questions regarding the interest rate were designed to discover why his
rate was high. Adamson charged a commission on other loans as well as Bramlett's; therefore, the rate differential was not the relevant reason that Bramlett's rate was high; rather,Bramlett's rate was high because of his credit history. *Page 780 
The majority opinion sets a precedent which, by logical extension, may have unexpected, unjustifiable and severe negative consequences to any business, attempting in good faith, to obey the consumer protection laws of this state. Accordingly, I must respectfully dissent.
[2] Amicus Curiae brief of Alabama Bankers Association, p. 3.